UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DEMARIO REED CRENSHAW,

      Plaintiff,

                                 CASE NO. 2:23-CV-11607
v.                            HONORABLE JONATHAN J.C. GREY


DAVID S. LEYTON et al.,

      Defendants.

_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I. INTRODUCTION

This is a pro se civil rights case brought pursuant to 42 U.S.C. § 1983. DeMario Reed Crenshaw ("Plaintiff"), a pretrial detainee confined at the Genesee County Jail, challenges his pending state court criminal proceedings. He names Genesee County Prosecutor David Leyton and Genesee County Assistant Prosecutor Karen Hanson (collectively "Defendants") as the defendants in this action. The Court has granted Plaintiff leave to proceed without prepayment of the filing fee for this case. For the reasons stated herein, the Court dismisses the civil rights

complaint and concludes that an appeal cannot be taken in good faith.

## II. DISCUSSION

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, or employees if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A pro se civil rights complaint is construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as

well as "a demand for the relief sought."  Fed. R. Civ. P. 8(a)(2), (3). The

purpose of this rule is to "give the defendant fair notice of what the claim

is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading

standard does not require "detailed" factual allegations, it requires more

than the bare assertion of legal principles or conclusions. *Twombly*, 550

U.S. at 555. Rule 8 "demands more than an unadorned, the

defendant-unlawfully-harmed me accusation."  *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a

formulaic recitation of the elements of a cause of action will not do.'"  *Id.*

(quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it

tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"

*Id.* (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must

allege that: (1) he or she was deprived of a right, privilege, or immunity

secured by the federal Constitution or laws of the United States; and (2)

the deprivation was caused by a person acting under color of state law.

*Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*,

583 F.3d 356, 364 (6th Cir. 2009). Additionally, a plaintiff must allege that the deprivation of rights was intentional, not merely negligent. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986).

## A.    Abstention Doctrine

Plaintiff's complaint challenges his ongoing state criminal proceedings. As such, it is subject to dismissal under the *Younger* abstention doctrine. In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that, absent extraordinary circumstances, a federal court may not enjoin pending state criminal prosecutions. *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 364 (1989). The rule is "designed to permit state courts to try state cases free from interference by federal courts, particularly where the party to the federal case may fully litigate his claim before the state court." *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986) (internal quotations omitted); *see also Doe v. University of Ky.*, 860 F.3d 365, 368 (6th Cir. 2017) (stating that "*Younger* abstention derives from a desire to prevent federal courts from interfering with the functions of state

4

criminal prosecutions and to preserve equity and comity").

"To abstain under *Younger*, '(1) there must be on-going state judicial proceedings; (2) those proceedings must implicate important state interests; and (3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges.'" *Hill v. Snyder*, 878 F.3d 193, 206 (6th Cir. 2017) (quoting *Squire v. Coughlan*, 469 F.3d 551, 555 (6th Cir. 2006)). "[A]bsent 'bad faith, harassment, or any other unusual circumstance,' federal-court abstention is appropriate when a plaintiff invokes federal jurisdiction as a basis for obtaining injunctive relief against state-court criminal proceedings." *Squire*, 469 F.3d at 555 (quoting *Younger*, 401 U.S. at 53-54).

All three requirements are met here. First, Plaintiff indicates that he has a state criminal prosecution pending in the Genesee County Circuit Court. *See Nimer v. Litchfield Twp. Bd. of Trustees*, 707 F.3d 699, 701 (6th Cir. 2013). Second, state criminal proceedings clearly involve important state interests. *See Cooper v. Parrish*, 203 F.3d 937, 954 (6th Cir. 2000); *see also Younger*, 401 U.S. at 50. Third, Plaintiff's state criminal proceedings provide an adequate opportunity to raise

constitutional challenges and Plaintiff fails to allege facts which indicate that he is, or will be, unable to raise constitutional claims in the state courts. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 16 (1987) ("[W]hen a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary."); *Kelm v. Hyatt*, 44 F.3d 415, 421 (6th Cir. 1995). Abstention is therefore appropriate and Plaintiff's complaint must be dismissed.

## B.    Failure to State a Claim

Plaintiff also fails to a state claim upon which relief may be granted under 42 U.S.C. § 1983 in his complaint. His allegations challenging his pre-trial proceedings are completely conclusory. The whole of his complaint states:

> When attempting to prosecute me using an invalid
> prosecution method the defendants David S. Leyton and
> Karen Hanson violated may constitutional guarantees
> including the 4th[], 5th, 6th, 8th, 10th, and 14th
> Amendments as well as the oath of office, Bill of Attainder,
> Article 1 § 10, Article 4 §§ 1 & 2, Article 6 §§ 2 & 3, the
> Declaration of Independence and the Preamble all without
> my consent and without a waiver of my rights.

6

ECF No. 1, PageID.1. Plaintiff offers no facts in support of his assertions, does not explain with any specificity what Defendants did or did not do to allegedly violate his federal constitutional rights, and does not request any specific relief from this Court. It is well-settled that conclusory allegations are insufficient to state a civil rights claim under § 1983. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-57; *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998); *Moldowan v. City of Warren*, 578 F.3d 351, 390-91 (6th Cir. 2009). Because Plaintiff's allegations are conclusory, he fails to state a claim upon which relief may be granted in his pleadings and his complaint must be dismissed.

## C.    **Absolute Immunity**

Additionally, to the extent that Plaintiff sues Defendants in their individual capacities for damages, his complaint is subject to dismissal based upon absolute immunity. Prosecutors are entitled to absolute immunity on claims against them in their individual capacities for conduct intimately associated with the judicial phase of the criminal process. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Higgason v. Stephens*, 288 F.3d 868, 878 (6th Cir. 2002); *see also Van de Kamp v.*

*Goldstein*, 555 U.S. 335, 342-43 (2009). This immunity covers a prosecutor's actions in preparing and filing charging documents, including requests for arrest warrants, *Kalina v. Fletcher*, 522 U.S. 118, 129 (1997), and the decision file a criminal complaint. *Ireland v. Tunis*, 113 F.3d 1435, 1446 (6th Cir. 1997). It even applies when a prosecutor acts wrongfully or maliciously. *See Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (prosecutor absolutely immune from suit for allegedly conspiring to present false charges to grand jury). Defendants are thus entitled to absolute immunity on any claim for damages arising from their advocacy in Plaintiff's criminal case.

## D.   Sovereign Immunity

Lastly, to the extent that Plaintiff sues Defendants in their official capacities, his complaint is subject to dismissal based upon sovereign immunity. The Eleventh Amendment bars civil rights actions against a State and its agencies and departments unless the State has waived its immunity and consented to suit, or Congress has abrogated that immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). Eleventh Amendment immunity applies to state employees who are sued

8

in their official capacities. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Cnty.*, 574 F.3d 334, 344 (6th Cir. 2009)). The State of Michigan has not consented to suit for civil rights actions in federal court, *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986), and Congress did not abrogate Eleventh Amendment immunity when it enacted § 1983. *Quern v. Jordan*, 440 U.S. 332, 341 (1979). Eleventh Amendment immunity "bars all suits, whether for injunctive, declaratory, or monetary relief" against a state and its agencies," *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (quoting *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993)), except for prospective injunctive relief. *Id.* at 662 (citing *McKay v. Thompson*, 226 F.3d 752, 757 (6th Cir. 2000)).

The Michigan courts operate as arms of the State and are entitled to the same sovereign immunity as the State of Michigan. *Pucci v. Nineteenth Dist. Ct.*, 628 F.3d 752, 762-64 (6th Cir. 2010); *Chambers v. Michigan*, No. 10-12509, 2011 WL 940830, *3-4 (E.D. Mich. March 16, 2011); *Young v. District & Supreme Cts. of Mich.*, No. 2:10-CV-15144, 2011 WL 166331, *2 (E.D. Mich. Jan. 18, 2011) (citing cases). Such

sovereign immunity extends to judges and prosecutors in the Michigan courts who are sued in their official capacities. *Pucci*, 628 F.3d at 764; *Cady*, 574 F.3d at 342-45. Defendants are entitled to Eleventh Amendment immunity on the claims against them in their official capacities other than claims for prospective injunctive relief.

With regard to prospective injunctive relief and Plaintiff's state criminal proceedings, such relief would not be available to Plaintiff from Defendants following the completion of the state criminal proceedings. Should Plaintiff be convicted, *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his or her imprisonment if a ruling on the claim would necessarily render his or her continuing confinement invalid, until and unless the reason for continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254), will preclude his claims unless his conviction(s) are overturned or invalidated. Should Plaintiff be acquitted, have his criminal case dismissed, or have his conviction(s)

overturned or invalidated, there would be no prospective injunctive relief available to him at that time – the only available relief would be monetary damages or other retrospective relief – and Defendants are immune from such relief. Plaintiff's complaint must therefore be dismissed.

### III. CONCLUSION

For the reasons stated, the Court concludes that it must abstain from ruling on Plaintiff's claims challenging his ongoing state criminal proceedings, that Plaintiff fails to state a claim upon which relief may be granted in his complaint, and that Defendants are entitled to absolute prosecutorial immunity and sovereign immunity. Accordingly, the Court **DISMISSES WITH PREJUDICE** the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).[1]

Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962). This case is closed.

---

[1]This dismissal is without prejudice to claims Plaintiff may properly bring challenging his state criminal proceedings in a habeas action, or in a civil rights action should he not be convicted at trial or have his conviction(s) overturned.

**IT IS SO ORDERED**.

/s/ **Jonathan J.C. Grey**
JONATHAN J.C. GREY
UNITED STATES DISTRICT J JUDGE

Dated:   August 4, 2023

**Certificate of Service**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 4, 2023.

s/ **S. Osorio**
 **Sandra Osorio**